IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBIN EVETTE SHOULDERS,

    Petitioner,

vs.                                              Case No. 4:09cv44-RH/WCS

UNITED STATES OF AMERICA,

    Respondent.

                                 /

### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner also filed a motion to proceed in forma pauperis, doc. 2, and it appears she would be able to afford the $5.00 fee for filing a habeas corpus petition.  The motion is granted by separate order, however, for purposes of dismissal.

    Petitioner, incarcerated at the Federal Correctional Institution in Tallahassee, challenges a sentence imposed in the Western District of Kentucky.  For relief, Petitioner asks "[f]or the Government to remove the ten year enhancement and remove 5 years of my probation period."  Doc. 1, p. 7.  On pages attached to the form petition, Petitioner

claims that her sentence enhancement was improper under 21 U.S.C. § § 802(44) and 851, and that there was misconduct on the part of the officers who conducted the investigation and arrest. Doc. 1, pp. 8-9.[1]

Petitioner is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought by motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. § 2255(a). *See also* United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (as defendant was in custody, "§ 2255 was his exclusive remedy.").

Section 2255 provides in relevant part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255(e). This is commonly known as the savings clause.

Petitioner indicates that she filed a § 2255 motion in the sentencing court which was denied. Doc. 1, pp. 2-3. She asserts that the § 2255 remedy is inadequate or

---

[1] As to the latter, Petitioner claims that members of the DEA Task Force "stole money and planted drugs in my home that night [of the arrest]. I reported these finding[s] that night after reviewing my evidence sheet to the Lead Investigating Officer," and weeks later two of the officers were "arrested and charged with over 400 counts" including counts of illegal searches. Doc. 1, p. 9. She claims that illegal tactics were used to get a search warrant, they failed to "knock and announce," and they used her ex lover – a convicted felon – as an informant. *Id.*

Case No. 4:09cv44-RH/WCS

ineffective because the attorney who represented her in the § 2255 proceeding, "forgot to address the Court of my 1993 conviction that the Government could not file because it did not exceed a year imprisonment." *Id.*, p. 3.

Petitioner's § 2255 was denied by sentencing court. Western District of Kentucky Case No. 3:01cr144-JGH-JDM (available in PACER) (Public Access to Electronic Records). The motion was denied. Docs. 68 (memorandum opinion) and 69 (order) in that case. The court rejected claims of ineffective assistance of counsel in the context of a motion to suppress (for failure to argue the search warrant affidavit was "fatally flawed and fabricated," failure to secure testimony of Detective Watson, and failure of counsel to raise the failure of police to knock and announce) and with regard to the notice of intent to use prior convictions for enhancement. Doc. 68 in that case. There had been a motion to suppress and suppression hearing, and the court found that counsel's performance on suppression was not deficient. *Id.* As to enhancement, it was noted that while Petitioner had numerous convictions, as part of the plea agreement the Government filed only one notice of intent pursuant to 21 U.S.C. § 851 as to one of those convictions. *Id.*

The Sixth Circuit Court of Appeals found that Petitioner was not entitled to a certificate of appealability, and also noted that she had waived the right to collaterally attack her sentence in the plea agreement. Doc. 86 in the W.D. Ky case.

Petitioner filed another § 2255 motion in the Western District of Kentucky, challenging the use of the "1993 prior" for enhancement, claiming that without the enhancement her sentence should be reduced to 120 months. Doc. 1 in W.D. Ky Case No. 3:07cv166-JGH (available in PACER). This was deemed an unauthorized second

or successive motion and transferred to the Sixth Circuit. Doc. 2 in that case. The Sixth Circuit denied the request for authorization to file a second or successive § 2255 motion, finding Petitioner had not satisfied § 2255(h)(1) or (2). Doc. 4 in the W.D. Ky case (copy of order in Sixth Circuit Case No. 08-5318).

The Eleventh Circuit has addressed the application of the savings clause in to a § 2241 petition bringing claims otherwise barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).[2] While not deciding whether the savings clause would apply in other sentencing circumstances, the court found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id.* at 1245. A petitioner may not circumvent restrictions on filing § 2255 motions simply by filing a § 2241 petition. *Id.*; Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford).

---

[2] In that footnote it was noted that, even where the savings clause allowed a claim to proceed under § 2241, the proper inquiry would be the same as if the defaulted claim was raised for the first time by § 2255 motion; *i.e.*, whether the petitioner could establish "actual innocence" of the offense under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Id.* n. 3.

Petitioner Shoulders is claiming that her sentence enhancement was improper, an argument she claims counsel "forgot" to raise in the initial § 2255 proceeding. Whether or not this is the case (as it seems a notice of intent argument under § 851 *was* raised), this is not a claim which may proceed under the savings clause. Petitioner does not attempt to argue that the § 2255 remedy is inadequate or ineffective for raising the officer misconduct claim, but this too is a claim which does not satisfy the savings clause.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (doc. 1), challenging the judgment of the Western District of Kentucky, be **SUMMARILY DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2009.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**